[No. 7,506.—Department One.]

## MANUEL LOUIS v. ALBERTO TRISCONY.

JOINT PROMISSORY NOTE—SURVIVING JOINT MAKER—JUDGMENT—MERGER —RELEASE—ESTATES OF DECEASED PERSONS.—In an action against the survivor of two joint makers of a note, the defendant pleaded that the note had been presented to the administratrix of the deceased maker and allowed as a claim against his estate: *Held*, that the facts pleaded did not constitute a defense.

APPEAL from a judgment for the plaintiff in the Superior Court of Monterey County. ALEXANDER, J.

*N. A. Dorn* and *W. M. R. Parker,* for Appellant.

The note sued on is joint in form, and a judgment against one of the joint makers merges the debt as to all. (13 Cal. 33, and cases there cited; *Benson* v. *Paine,* 17 How. 407; *Robertson* v. *Smith,* 18 Johns. 459; S. C., 9 Am. Dec. 227; *Suydam* v. *Barber,* 18 N. Y. 468.) And an order in probate proceedings allowing a claim has the same force and effect as a judgment. (*Deck's Estate* v. *Gherke,* 6 Cal. 666; *Pico* v. *De La Guerra,* 18 id. 422; *Estate of Cook,* 14 id. 129.)

The plaintiff, if he intended to make a claim against the defendant, the survivor, should have proceeded against him first until he had exhausted his remedy. (*Pope* v. *Cole,* 55 N. Y. 124; 42 id. 373; Pomeroy on Remedial Rights, §§ 302, 303, 352.) And now having elected to proceed against the estate first, he has waived his right to proceed against the survivor.

*S. F. Geil,* for Respondent.

An order in probate proceedings allowing a claim is not a judgment, but simply a judicial determination of the estate's indebtedness in a specified sum to a particular person. (*Beckett et al.* v. *Selover,* 7 Cal. 215; *Magraw* v. *McGlynn,* 26 id. 420.)

The plaintiff could have joined the estate with the defendant or proceeded against the surviving debtor alone, which he elected to do. (*Bank of Stockton* v. *Howland,* 42 Cal. 129; *Bostwick* v. *McEvoy,* 6 Pacific Coast Law Journal, 1031; 1 Parsons on Notes and Bills, 250, 251.)

The Court:

The demurrer to the answer was properly sustained.

Defendant and A. Manuel, deceased, were joint makers of the promissory note sued upon. Plaintiff presented the note to the administratrix and to the Probate Judge, by whom it was allowed as a claim against the estate of decedent. Even admitting that the rule now applies here, that a judgment against one of joint obligors merges the debt as to all, the allowance of the claim in the probate proceedings, while *prima facie* it determines its validity, is not conclusive as against

parties interested in the estate, and is not a final adjudication against the estate which could be held to release the co-obligors.

If, by the law of this State, a legal action can only be maintained against the survivor *alone* (Pomeroy, Remedial Rights, 302), the presentation to the administratrix and judge is no defense on the part of defendant. If, as in England (Id.), an original suit in equity could be maintained against the representatives of the estate and defendant, it is enough to say no such suit has been brought. Even if the latter remedy were the only one, the defendant here has not pleaded the non-joinder of the administratrix. In no view, therefore, does the portion of the answer demurred to constitute a defense.

Judgment affirmed.